UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BYRON A. BRADFORD                                                               PLAINTIFF

v.                                                           CIVIL ACTION NO. 3:11CV-P488-S

KAREN OWENS *et al.*                                                          DEFENDANTS

**MEMORANDUM AND ORDER**

This matter is before the Court on two *pro se* motions filed by Plaintiff Byron A. Bradford. Plaintiff filed a motion to compel answers to interrogatories and for sanctions or, alternatively, to preclude pleadings or enter default judgment against Defendants Rhonda Coleman and Doug Crall (DN 129). Plaintiff also filed a "renewed motion" concerning the same set of interrogatories and seeking the same relief (DN 144) and a "supplement" to the motion (DN 146). Defendants Coleman and Crall filed a response to the motion to compel (DN 150) and response to the supplement (151), and Plaintiff filed a reply (DN 153). These motions have now been fully briefed and are ripe for consideration.[1]

*Motion to compel*

The instant motions concern Plaintiff's second set of interrogatories served on Defendants Coleman and Crall. He complains that Defendants filed their answers out of time and when they did respond they served "half-hearted and perfunctory answers" or improper objections. Plaintiff moves to compel responses to eight interrogatories served on Defendant Coleman and four interrogatories served on Defendant Crall.

The general principles involving the proper scope of discovery are well-known. The Federal Rules of Civil Procedure authorize extremely broad discovery. *Lewis v. ACB Bus.*

---

[1] Plaintiff filed another motion to compel on June 27, 2014 (DN 154). However, that motion is not fully briefed. The Court will address that motion by separate order when it is ripe for consideration.

*Servs.*, 135 F.3d 389, 402 (6th Cir. 1998); *United States v. Leggett & Platt, Inc.*, 542 F.2d 655 (6th Cir. 1976). Therefore, Fed. R. Civ. P. 26 is to be liberally construed in favor of allowing discovery. *Dunn v. Midwestern Indemnity*, 88 F.R.D. 191 (S.D. Oh. 1980). Under Fed. R. Civ. P. 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). A motion to compel is authorized where a party fails to provide proper responses to interrogatories under Rule 33 or requests for production of documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). The scope of discovery is broad as "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Notwithstanding the broad scope, however, a party is not permitted "to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

*Defendant Coleman*

**Interrogatory number 1**

Interrogatory number 1 requests Defendant Nurse Coleman "to identify each document, as the term is defined in Federal Rules of Civil Procedure 34(a)(1), that describes your duties as Nurse Service Administrator from June 1998 – February 2012, at the Luther Luckett Correctional Complex." Defendant Coleman objects on grounds that the interrogatory is vague, unduly burdensome, and unlikely to lead to discoverable information. Plaintiff argues that Defendants' objections are "non-specific" and "formulaic" and "provide the Court no basis on which to determine why the interrogatory is objectionable." He states, "As Nurse Administrator it is certainly reasonable that a description of her duties could spawn additional questions that would lead to admissible evidence relative to at least one of the claims against Nurse Coleman . . . ."

2

While Defendants addressed each of the other eleven answers in dispute, they did not address interrogatory number 1 in their response to the motion. However, upon review of the interrogatory, the Court finds the interrogatory to be overly broad. According to the complaint, Plaintiff sustained the injury to his ankle on July 29, 2010, and the events giving rise to this lawsuit took place in the following months. Plaintiff states no basis for requesting Defendant Coleman to identify documents for the timeframe of June 1998 to February 2012 when the injury and course of treatment at issue occurred in 2010, and the Court cannot discern any basis. For this reason, Plaintiff's motion to compel with respect to interrogatory number 1 is **DENIED**.

**Interrogatory number 2**

Interrogatory number 2 states, "Please state in as much detail as possible what 'substantial' 'emergency' medical or mental health need requiring immediate attention, as noted in [Correction Policies and Procedures] CPP 18.7 B3, guided your decision to have Plaintiff transferred to the Kentucky State Reformatory on March 15, 2011, without meeting the classification committee at LLCC." Defendant Coleman's answer is "I can only recall that we received an order for physical therapy for offender. Due to frequent transportation required, turnaround movement was requested to KSR to eliminate transportation." In his motion, Plaintiff contends that he was not asking "*why* [Defendant Coleman] purportedly transferred Plaintiff, but what 'substantial' 'emergency' existed to transfer Plaintiff in the manner reserved for emergency transfers, those in which the prisoner has no opportunity to discuss the decision with classification committee, and appeal to the Warden prior to the transfer." (Emphasis by Plaintiff.) In their response to the motion, Defendants state, "Though the response was inartfully worded. [sic] It is clear that she does not remember why he was transferred."

Plaintiff's disagreement with Defendant's response is not a foundation for granting a motion to compel. *See Grant v. Target Corp.*, No. 2:10-cv-823, 2013 U.S. Dist. LEXIS 136652, at * 3 (S.D. Ohio Sept. 24, 2013) ("[A] motion to compel is not the correct way for [plaintiff] to argue about the factual accuracy of [the defendant's] responses."); *Stukes v. Chertoff*, No. 3:06 CV 316, 2008 WL 178468, at * 1 (W.D. N.C. Jan. 18, 2008) ("Plaintiff's disagreement with the substance of Defendant's responses does not constitute a factual basis for a meritorious Motion to Compel as a matter of law.").

Upon review, while Plaintiff might disagree with the answer, the Court finds that Defendant Coleman's answer is responsive to the interrogatory, and the motion as to interrogatory number 2 is **DENIED**.

**Interrogatory number 3**

Interrogatory number 3 asks, "Please identify each document, as the term is defined in Federal Rule of Civil Procedure 34(a)(1), that evidences, mentions or refers to your response to Interrogatory No. 2." Defendant Coleman's answer is "Objection. This Interrogatory is vague, unduly burdensome and unlikely to lead to discoverable information." Plaintiff contends in his motion that Defendant Coleman's answer implies that Plaintiff's need for physical therapy caused the transfer. He states, "Identifying that order, then, which is contained in Plaintiff's medical records, would pose no undue burden to Nurse Coleman. Certainly, identification of the document that precipitated the transfer could lead to relevant and admissible evidence regarding Plaintiff's claim against Nurse Coleman that her March 15, 2011 transfer of Plaintiff was retaliatory."

Defendants argue in their response to the motion that the interrogatory is unduly vague and unlikely to lead to discoverable information "because it appears to ask for documents evidences or mentions [sic] the fact that she does not recall why he was transferred."

Upon review, the Court finds that Defendant Coleman's response to interrogatory number 3 is inadequate. Plaintiff is asking Coleman to identify any document in Coleman's possession that shows why he was transferred. The Court finds that the interrogatory is relevant to the Plaintiff's retaliation claim and is not vague or unduly burdensome. Therefore, the motion with respect to interrogatory number 3 is **GRANTED**.

**Interrogatory number 6 and 7**

Interrogatory number 6 asks, "Please identify each document, as the term is defined in the Federal Rule of Civil Procedure 34(a)(1), sent in response to the plaintiff's February 15, 2011 Open Records request." Defendant Coleman answers, "Objection. This Interrogatory is vague, unduly burdensome and unlikely to lead to discoverable information." In response to the motion, Defendants maintain that the objection "is appropriate because Plaintiff is asking her what documents she sent him two years before in response to the open records request. It is unduly burdensome to ask Defendants to provide a list he can readily make himself. Additionally, such a list is unlikely to lead to discoverable information because Plaintiff already has all the information the list would contain."

Interrogatory number 7 asks, "Please identify each document, as the term is defined in the Federal Rule of Civil Procedure 34(a)(1), sent in response to Plaintiff's March 4, 2011 follow-up correspondence to you (see, DN 65, p.7, and letter attached thereto)." Defendant Coleman's answers, "Objection. This Interrogatory is vague, unduly burdensome and unlikely to lead to

discoverable information." In their response to the motion, Defendants state, "Again, it is unduly burdensome to ask Defendants for a list of documents they have already sent to him."

The Court agrees with Defendants that Plaintiff is requesting documents that he has already received and that it is unduly burdensome for Defendants to have to locate and produce the documents again. The Court notes that in Plaintiff's reply, while he addressed other of Defendants' arguments concerning specific interrogatory answers, Plaintiff does not specifically address interrogatory numbers 6 and 7 to Defendant Coleman and therefore does not dispute Defendants' objections to these interrogatories in his reply. Accordingly, Plaintiff's motion to compel with respect to interrogatory numbers 6 and 7 is **DENIED**.

**Interrogatory numbers 9 and 10**

Interrogatory number 9 states, "Please state whether any aspect of the plaintiff's care for his ruptured Achilles tendon has been discussed or reported in any of the meetings and reports identified in Kentucky Corrections Health Care Services protocol (KCHC) A-02, including any grievances filed therefor." Defendant Coleman answers, "Reports referenced in KCHC A-02 are statistical reports. No specific offenders are discussed in the referenced meetings. Offender has filed many grievances. Do not recall specific details about them." In his motion, Plaintiff argues that "[w]hether or not Plaintiff was included in the statistical reports is irrelevant to whether or not any *aspect* of his care, or grievances therefore, was at least reported or discussed." (Emphasis by Plaintiff.)

In their response to the motions to compel, Defendants state that they "believe this to be a responsive answer, that Plaintiff's case was not specifically discussed. As for specific grievances, Plaintiff (as per institutional procedure) was given a copy of all paperwork related to his grievances during their adjudication. He is again requesting documents he already has."

6

Interrogatory number 10 requests, "Please identify as specifically as possible, e.g., date of meeting, identification of report, etc. each report or meeting that evidences, mentions or refers to your response to Interrogatory No. 9." Defendant Coleman answers, "Do not recall any meetings." Defendants argue that they "believe this to be a responsive answer. Defendant cannot recall any meetings where his case was specifically discussed, as she clearly stated in Interrogatory 9."

The Court finds Defendant Coleman's answers to be responsive to interrogatory numbers 9 and 10. Again, while Plaintiff may disagree with the answers, such disagreement is not a sufficient basis for granting a motion to compel. *See Grant v. Target Corp.*, 2013 U.S. Dist. LEXIS 136652, at * 3. Therefore, Plaintiff's motion with respect to interrogatory numbers 9 and 10 is **DENIED**.

*Defendant Crall*

**Interrogatory numbers 4, 5, and 6**

Interrogatory number 4 asks Defendant Dr. Crall to "state whether or not the Plaintiff's 'Medical or surgical protocol or therapies' for his ruptured Achilles tendon, as treated by Dr. Eugene Jacob at Baptist Hospital Northeast from November 18, 2010 – August 24, 2011, cost more than fifty thousand ($50,000) dollars, as noted in KCHC A-09 Section A2." Defendant Crall's answer is "I have no information as to cost." In their response to the motion to compel, Defendants maintain, "The protocol this Interrogatory refers to no longer exists. The dollar amount referred to a procedure's cost, such as a kidney transplant, not to the total costs of treatment that may extend for the entire time of an inmate's incarceration. The business arrangement was such that only Correct Care (CCIH) would have this cost[], not the KYDOC."

7

Interrogatory number 5 states, "Please state whether or not the Plaintiff's 'medical or surgical protocol or therapies' for his ruptured Achilles tendon was reviewed prior to, or following the surgical procedure performed on November 19, 2010." Defendant Crall responds, "I have no direct knowledge since I was not involved in his medical care in 2010." In their response to the motion, Defendants state, "There are no such documents about his case in DOC's offices. Any review would have occurred at Utilization Management at CCIH. They reviewed, approved, deferred all referrals, surgery requests, etc."

Interrogatory number 6 asks, "Please identify each document, as the term is defined in Federal Rule of Civil Procedure 34(a)(1), that evidences, mentions or refers to your response to Interrogatories No. 4 and 5." Defendant Crall answers, "Objection. This Interrogatory is vague, unduly burdensome and unlikely to lead to discoverable information." In response to the motion, Defendants state, "This interrogatory is vague and unduly burdensome because it requests information better sought from CCIH."

The Court generally cannot compel a party to produce an item not in that party's possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1); *Potluri v. Yalamanchili*, No. 06-CV-13517-DT, 2008 U.S. Dist. LEXIS 32355, at *3 (E.D. Mich. Apr. 22, 2008). Moreover, the Court "cannot compel the production of [items] that do not exist." *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 620 (D. Kan. 2005); *Potluri*, 2008 LEXIS 32355, at *3. Because the information Plaintiff seeks in interrogatory numbers 4 and 5 is not Defendant Crall's possession, custody, or control, the motion to compel with respect to interrogatory numbers 4 and 5 is **DENIED**.

However, in answer to interrogatory number 6, Defendant Crall states that the information is "better sought from CCIH." This answer indicates that there is information

responsive to the interrogatory in Crall's possession, custody, or control. Therefore, the Court **GRANTS** the motion with respect to interrogatory number 6.

**Interrogatory number 11**

Interrogatory number 11 requests: "Please state, in as much detail as possible, on whom the decision rests to delay or deny medical treatment based upon a prisoner's parole date or date of expiration of sentence." Defendant Crall answers, "I did not delay your treatment based on parole date or date of expiration of sentence. Correctcare's treatment decisions are made internally, so I cannot say who makes particular treatment decisions." In their response to the motion, Defendants state, "This interrogatory seeks information not relevant to this lawsuit. Dr. Crall did not delay Plaintiff's treatment based on his parole date or expiration of sentence. Therefore, we believe this to be an appropriate response."

Again, while Plaintiff may disagree with Defendant Crall's response, the Court finds the answer responsive to the interrogatory, and Plaintiff's motion with respect to interrogatory number 11 is **DENIED**.

In summary, **IT IS ORDERED** that Plaintiff's motion to compel (DN 129) with respect to interrogatory number 3 directed to Defendant Coleman and interrogatory number 6 directed to Defendant Crall is **GRANTED**. <u>**IT IS ORDERED** that Defendants shall supplement their responses to these interrogatories within 30 days of the entry date of this Memorandum and Order</u>.

The motion to compel (DN 129) with respect to all other interrogatories is **DENIED**.

**IT IS ORDERED** that his "renewed" motion to compel concerning the same set of interrogatories (DN 144) is **DENIED** as moot.

*Motion for sanctions*

Plaintiff also moves for sanctions on grounds that "Defendants' and counsel's persistent defiance to participate in discovery – without even an attempt at an excuse – constitutes willful, dilatory and disrespectful conduct toward the Fed. R. Civ. P., the Court, the Plaintiff, unjustly and unduly delays the progress of this case, and warrants imposition of additional sanctions." Plaintiff requests that the Court impose sanctions, including striking pleadings, entering default judgment against Defendants, and ordering Defendants to pay the costs incurred by Plaintiff in preparing and filing his related motions.

Federal Rule of Civil Procedure 37 provides sanctions for failure to comply with orders of the Court regarding discovery. "The imposition of sanctions or the type of sanctions imposed under Rule 37 is within the sound discretion of the Court based on the facts of each particular case." *Freeman v. Troutt*, No. 3:10-0697, 2011 U.S. Dist. LEXIS 104317, at *2 (M.D. Tenn. Sept. 14, 2011). Ordering default to sanction a party to the litigation is usually reserved for situations akin to contempt of court or other abusive practices. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Generally, this sanction is not available unless the conduct of the complaining party was done willfully, maliciously, or in bad faith. *See, e.g.*, *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 640 (1976) (per curiam). Before imposing a sanction of default, this Court should consider the following four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the failure to cooperate in discovery; (3) whether the offending party was warned that failure to cooperate could lead to default; and (4) whether less drastic sanctions were imposed or considered before default is ordered. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008).

In response to the motion to supplement, Defendants state the following:

On March 31, 2014, this Court entered DN 142 an Order granting these Defendants thirty (30) days to respond to outstanding discovery requests. Due to a combination of the caseload of the undersigned attorney and the extensive changes taking place in the DOC medical department, the requests were not answered in a timely fashion. In retrospect, counsel should have asked for an extension. I did not do so because responses were imminent. Defendant Coleman responded to those requests on May 6, 2014 (DN 145). And gave notice that Defendant Crall would respond within seven days, which he did on May 13, 2014 (DN 147).

It is not the intention of these Defendants or the undersigned counsel to improperly avoid answering discovery requests. This is supported by the fact that Defendant Coleman's responses were filed only a few days after the deadline and before Plaintiff filed DN 146 to compel responses.

The Court does not condone Defendants' delay in responding to Plaintiff's discovery requests and prior Orders of this Court. However, the Court finds that Defendants have offered an explanation for the delay and that the delay was not intended to be malicious, willful, or in bad faith. The Court finds no undue prejudice to Plaintiff because of the delay. Further, the Court is optimistic that Defendants' counsel will be diligent in adhering to all deadlines in the future. Accordingly,

**IT IS ORDERED** that Plaintiff's motions for sanctions (DNs 129 and 144) are **DENIED**.

Date: July 14, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Counsel of record
4411.010