UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:11CV-00488-DJH

BYRON A. BRADFORD                                                                    PLAINTIFF

VS.

MARCIA SHROCK, et al.                                                              DEFENDANTS

### MEMORDANUM OPINION AND ORDER

Plaintiff Byron A. Bradford ("Bradford") initiated this 42 U.S.C. § 1983 suit almost six years ago while incarcerated at the Luther Luckett Correctional Complex in LaGrange, Kentucky. (DN 1). Bradford has proceeded *pro se* for the entirety of the case. Presently before the Court is the joint motion of Defendants Marcia Shrock, Rhonda Coleman, and Kristy Mullins seeking leave to reopen discovery. (DN 221). Bradford has responded in opposition. (DN 226). Defendants have filed replies. (DN 228; DN 229). For the reasons explained below, the Court **denies** Defendants' Motion.

Procedural Background

Byron Bradford filed this action in November of 2011, asserting violations of the Eighth Amendment against James McCoy, Karen Owens, Marcia Shrock, Doug Crall, and Correct Care-Integrated Health Inc. ("CorrectCare"), and violations of the First Amendment against

1

Marcia Shrock, Kristy Mullins, and Rhonda Coleman. (DN 1, at ¶¶ 181-92). Bradford's claims stem from a left ankle injury he suffered while playing basketball at the Luther Luckett Correctional Complex ("LLCC"), the institution where he was incarcerated at the time. (*Id.* at ¶¶ 3, 12). Bradford believes the medical staff at LLCC denied him adequate medical care after he reported the injury and demonstrated "deliberate indifference" to his serious medical need. (*Id.* at ¶¶ 182-89). Because the medical staff allegedly failed to assess the seriousness of his condition, Bradford feels his treatment was delayed and he now suffers from a permanent injury to his left leg. Bradford additionally claims that certain Defendants retaliated against him for filing grievances and open records requests relating to his medical treatment by issuing disciplinary write-ups against him, placing him in the Special Management Unit at LLCC, and transferring him to another facility. (*Id.* at ¶¶ 190-92).

In December of 2011, the Court entered a scheduling order, requiring the completion of pretrial discovery no later than May 2, 2012, and the filing of dispositive motions by either party no later than July 2, 2012. (DN 8). Three months later both parties moved to extend these deadlines when Bradford sought leave to file a supplemental complaint and a temporary restraining order. (DN24; DN 25; DN 29; DN 35). The Court granted the extension, pushing the completion of discovery to no later than July 2, 2012, and the filing of dispositive motions to no later than August 31, 2012. (DN 40).

On June 19, 2012, the "CorrectCare" Defendants[1] moved for summary judgment. (DN 56). While that motion was pending, the Court granted Bradford leave to file his proposed

---

1 The "CorrectCare Defendants" include Correct Care-Integrated Health Inc., Nurse Karen Owens, Nurse James McCoy, Nurse Marcia Shrock, and Nurse Kristy Mullins. (DN 56-1, at p. 1). The other set of Defendants can be collectively referred to as the "Kentucky Department of Correction ("KDOC") Defendants," which includes Rhonda Coleman and Doug Crall.

2

supplemental complaint and amended complaint. (DN 89). As a result, the Court remanded the CorrectCare Defendants' summary judgment motion and, for the second time, amended the scheduling order to postpone the completion of discovery to August 15, 2013, and the filing of dispositive motions to October 16, 2013. (DN 93). Bradford's amended complaint added a conspiracy claim against Marcia Shrock and CorrectCare relating to his medical treatment (DN 94), while his supplemental complaint alleged that unspecified "Defendants" continued to provide him with unconstitutional treatment after his Achilles tendon surgery (DN 94-1).

The CorrectCare Defendants renewed their motion for summary judgment on August 19, 2013. (DN 120). Bradford requested an extension for replying to the summary judgment motion based on a number of outstanding discovery disputes between the parties. (DN 124). The Court once again remanded the CorrectCare Defendants' motion for summary judgment from the active docket and further amended the scheduling deadlines to require completion of discovery by June 30, 2014, and the filing of dispositive motions by August 29, 2014. (DN 139; DN 140).

After waiting for the discovery deadline to pass, the CorrectCare Defendants again moved to renew their motion for summary judgment (DN 156), and the KDOC Defendants moved for summary judgment as well (DN 162). But because discovery matters between Bradford and the KDOC Defendants were still being addressed by the Court, the Defendants' motions were overruled as premature. (DN 165). Once the discovery disputes were finally resolved in October of 2015, the Court entered a new scheduling order, adjusting the dispositive motion deadline to May 2, 2016. (DN 185).

Both the CorrectCare Defendants and KDOC Defendants once more renewed their motions for summary judgment by the dispositive motion deadline. (DN 186; DN 187). Bradford

3

requested his response deadline be extended to July 1, 2016 (DN 188), which the Court granted (DN 189). Bradford requested another response-deadline extension until July 20, 2016 (DN 191), but before the Court could rule on such extension, Bradford filed his 91-page response brief. (DN 192).

The District Judge issued a Memorandum Opinion and Order on November 29, 2016, dismissing all of Bradford's claims except his First Amendment retaliation claims against Marcia Shrock, Kristy Mullins, and Rhonda Coleman. (DN 201). Almost three months later, the District Judge issued an Order referring the case to the undersigned Magistrate Judge to conduct a status conference for the purpose of setting a final litigation schedule. (DN 214). During such status conference, the remaining Defendants expressed their desire to take additional discovery in the case, including the deposition of Bradford. (DN 219). The Court, accordingly, allowed Defendants 30 days to file any motion relating to additional discovery and giving Bradford 30 days to respond if such motion was filed. (DN 219).

Defendants filed the present motion to reopen discovery on May 30, 2017. (DN 221). Before Bradford's response time had expired, the remaining Defendants filed "Second Motions for Summary Judgment." (DN 222; DN 223). These motions essentially seek "revision" of the Court's earlier Memorandum Opinion and Order, which ruled judgement as a matter of law was not appropriate as to Bradford's First Amendment retaliation claims.

## Standard

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). District courts

4

have "broad discretion under the rules of civil procedure" in managing the discovery process and controlling their dockets. *Marie v. Am. Red. Cross*, 771 F.3d 344, 366 (6th Cir. 2014). The Sixth Circuit has established a number of factors for district courts to consider when determining whether good cause exists to modify a discovery schedule, including: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . prior discovery requests." *Carter v. City of Detroit,* No. 11-15322, 2015 WL 3678433, at *2 (E.D. Mich. June 12, 2015) (quoting *Marie*, 771 F.3d at 366) (quoting *Bentowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011). The primary measure of these factors and the good cause standard, however, is "whether the moving party was diligent in pursuing discovery." *Marie*, 771 F.3d at 366; *see also Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (the primary measure of Rule 16's good cause standard is "the moving party's diligence in attempting to meet the case management order's requirements."). Another relevant consideration in this analysis is any "possible prejudice to the party opposing the modification" of the discovery schedule. *Inge*, 281 F.3d at 625 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001) (additional citation omitted)).

Arguments

It appears that Defendants are only seeking to reopen discovery to take Bradford's deposition if the Court denies their pending "second motions for summary judgement." (DN 221-1, at p. 6). Defendants identify three reasons supporting good cause for reopening discovery. First, Defendants emphasize that the litigation thus far has focused largely upon Bradford's

dismissed Eighth Amendment claims, rather than the remaining First Amendment retaliation claims. (*Id.* at p. 6, 10). Second, Defendants assert that "[e]xtensions of the discovery deadline have been a common occurrence in this action[,]" and such extensions were either at Bradford's request or brought as a result of his actions. (*Id.* at pp. 9-10). Defendants lastly argue that permitting Bradford's deposition would ultimately benefit the Court by streamlining the presentation of the case at trial, considering Bradford's *pro se* status. (*Id.* at p. 10). Defendants also conclude that there is no justifiable basis on which Bradford can claim prejudice from the Court permitting his deposition. (*Id.*).

In response, Bradford asserts that Defendants had the better part of four years to conduct discovery on his First Amendment retaliation claims. (DN 226, at p. 1). According to Bradford, the Defendants chose to conduct little to no discovery and filed for summary judgment, believing that his First Amendment retaliation claims would be dismissed. (*Id.*). The Defendants' deliberate choice to focus the litigation on the Eighth Amendment claims, Bradford argues, is no excuse for reopening discovery to now take his deposition. (*Id.*). Bradford additionally urges the Court to deny Defendants "second motions for summary judgment," which merely entertain the same arguments the Court has previously rejected, and set the matter for trial. (*Id.* at p. 6).

The Defendants' replies largely focus on the substantive merits of their "second motions for summary judgment" and only briefly reference their earlier arguments for reopening discovery. (DN 228, at pp. 1-2; DN 229, at pp. 8-9).

Analysis

Defendants have failed to demonstrate good cause to warrant reopening discovery. Their motion glaringly fails to cite to any case law or authority to support their arguments. Further, Defendants put forth no evidence that they were diligent in pursuing Bradford's deposition during the allotted discovery period. *See Carter,* 2015 WL 3678433, at *2 (finding plaintiff's failure to establish good cause to reopen discovery where he was not diligent in pursuing deposition during allotted discovery period and provided no justification for such failure). Defendants had nearly four years to pursue Bradford's deposition. But it is only now, nearly two years after the discovery period ended,[2] that Defendants submit Bradford's deposition is necessary. The untimeliness of Defendants' request weighs against the Court reopening discovery. *See e.g., Colletti v. Fagin*, No. 90 Civ. 4591, 1999 WL 126461, at *3 (S.D.N.Y Mar. 10, 1999) (denying request to "reopen discovery on the eve of trial" where party had prior opportunity to conduct the same discovery and "chose not to do so"); *Schatzman v. Cnty. of Clermont, Ohio*, 234 F.3d 1269 (table), 2000 WL 1562819, at *11 (6th Cir. Oct. 11, 2000) (finding district court appropriately denied motion to reopen discovery where dispositive motions were fully briefed by the parties and discovery had been closed for nearly five months).

The Court additionally does not find Defendants' justifications for reopening discovery to be persuasive. For instance, Defendants' explanation that the litigation previously "focused largely upon Bradford's dismissed [Eighth Amendment] claims" actually indicates that Defendants deliberately chose not to seek discovery on Bradford's First Amendment retaliation claims while the discovery period was still open. Defendants had notice of Bradford's retaliation claims since

---

2 It appears that the Scheduling Order was last amended to require completion of discovery by June 30, 2014 (DN 140). After the discovery period ended, Defendants' motions for summary judgment were still held in abeyance based on ongoing discovery disputes that were not resolved until October of 2015. (DN 221-1, at p. 5).

the case's inception. Therefore, regardless of the alleged "focus" of the case, Defendants had the opportunity to seek Bradford's deposition regarding the retaliation claims from the beginning of the litigation. (*See* DN 1, at ¶¶ 181-92). Defendants' incorrect assumption that Bradford's retaliation claims would be dismissed on summary judgment does not excuse their failure to take Bradford's deposition.

Neither is the Court persuaded by Defendants' argument that "extensions of the discovery deadline have been a common occurrence in this action." Although the discovery period was extended numerous times during this litigation, these previous extensions were permitted based on Bradford's amended and supplemental complaints and ongoing discovery disputes before the Court. Defendants' current request to reopen discovery at the eleventh hour is not analogous to these previous extensions.

Finally, while Defendants may be correct that Bradford's deposition would assist the Court at trial since Bradford is a *pro se* litigant, this is not enough alone to reopen discovery. The Court has noted on multiple occasions that Bradford has repeatedly demonstrated his ability to sufficiently present his case to the Court and these observations are not altered by the fact that Bradford's remaining First Amendment retaliation claims could be tried in front of a jury. (DN 218, at p. 2 (citing DN 141, at p. 2)). Based on these considerations, Bradford would more than likely be prejudiced if the Court permitted Defendants to reopen discovery to take his deposition. In the event that the Court denies Defendants' second motions for summary judgment (DN 222; DN 223), the Court finds Defendants have not established good cause for reopening discovery to take Bradford's deposition.

ORDER

**IT IS HEREBY ORDERED** that Defendants' joint motion to reopen discovery to depose Plaintiff (DN 221) is **DENIED**.

Copies:	Counsel of Record